IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Respondent, | ) ) ) ) |
| -vs- | ) Case Nos. CR-07-0247-F ) CIV-20-703-F |
| RAYMOND YOUNG, | ) ) ) |
| Defendant/Movant. | ) |

## ORDER

Raymond Young, proceeding pro se, has been given permission by the Tenth Circuit Court of Appeals to file a second or successive motion under 28 U.S.C. § 2255. Doc. no. 304. Mr. Young has done so, filing a motion to vacate, set aside or correct his sentence under § 2255. Doc. no. 305. The government has responded to Mr. Young's motion, objecting to relief. Doc. no. 317. No reply brief was filed. Mr. Young also moves for appointment of counsel in these § 2255 proceedings. Doc. no. 310. For the reasons stated below, the motions will be denied.

Mr. Young, pursuant to a guilty plea, was convicted of five counts of interference with commerce by robbery in violation of 18 U.S.C. §1951(a) (Hobbs Act robbery), and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). He was sentenced (by Judge Vicki Miles-LaGrange) to a 219-month custodial sentence followed by five years of supervised release.

Mr. Young's § 2255 motion argues that Hobbs Act robbery—the underlying offense for his § 924(c) conviction—does not qualify as a "crime of violence" under the elements clause of § 924(c)(3)(A) and thus only qualifies as a "crime of violence" under the residual clause of § 924(c)(3)(B), a clause which the Supreme Court

invalidated as unconstitutionally vague in United States v. Davis, ___ U.S. ___, 139 S. Ct. 2319 (2019).[1]

The question raised by Mr. Young's § 2255 motion was answered in United States v. Melgar-Cabrera, 892 F.3d 1053 (10th Cir. 2018). There, the court held that Hobbs Act robbery, codified 18 U.S.C. § 1951, qualifies as a "crime of violence" under the elements clause of 18 U.S.C. §924(c)(3)(A), rejecting Mr. Melgar-Cabrera's arguments to the contrary. Id. at 1064-66. Melgar-Cabrera was a direct appeal of the defendant's sentence. In United States v. Rojas, 748 Fed. Appx. 777, 779 (10th Cir. 2018), unpublished,[2] the same issue was considered in the context of a § 2255 motion. Rojas held that "Hobbs Act robbery is categorically a crime of violence under §924(c)(3)(A)," citing Melgar-Cabrera. On that basis, Rojas affirmed the district court's dismissal of Mr. Rojas's § 2255 motion.[3]

After careful consideration, the court concludes that Mr. Young's argument for relief under § 2255 lacks merit as a matter of law. Accordingly, the motion is **DENIED**. Doc. no. 305. There is no need for an evidentiary hearing, which is **DENIED**. Mr. Young's motion for appointment of counsel is also **DENIED**. Doc. no. 310.

Mr. Young has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2) (showing required to obtain a certificate of appealability in a § 2255 proceeding). Such a showing is made only where a prisoner demonstrates that jurists of reason would find it debatable that a constitutional violation occurred, and that the district court erred in its resolution. United States v. Pinson, 584

---

[1] This is the only issue the court of appeals authorized Mr. Young to raise in his second § 2255 motion and is the only issue he raises. See, doc. no. 305, p. 6 of 11 (Attachment B: Ground One).

[2] Rojas is cited for its persuasive value only.

[3] At one point Rojas states that the district court dismissed Mr. Rohas's motion. At another point, Rojas states that the district court denied Mr. Rojas's motion. Per United States v Rojas, 2017 WL 3588646 (D. N. Mex. March 6, 2017), the district court dismissed the §2255 motion on preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

F.3d 972, 975 (10th Cir. 2009). The showing required for a certificate of appealability has not been made, and a COA is **DENIED**.

IT IS SO ORDERED this 6th day of January, 2021.

*/s/ Stephen P. Friot*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0247p014 (Young).docx

3